# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-00032-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS FROM ACTION<br><br>(Doc. 1)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

I.  Findings and Recommendations Following Screening of Complaint

   A.  Procedural History

Plaintiff Gerald Taylor ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act). Plaintiff filed this action on January 8, 2007. (Doc. 1.)

On May 3, 2007, the court issued an order finding that plaintiff's complaint states a cognizable claim under section 1983 against defendant McKesson for use of excessive physical force, in violation of the Eighth Amendment, but does not state any cognizable ADA claims. (Doc. 10.) The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his cognizable excessive force claim. (Id.) On May 9, 2007, plaintiff filed a notice stating his willingness to proceed only on his excessive force claim. (Doc. 11.) Based on plaintiff's notice, this Findings and Recommendations now issues.

///

B.   Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

C.     Plaintiff's Claims

Plaintiff is an inmate housed at the California Substance Abuse Treatment Facility and State Prison-Corcoran ("CSATF"), where the events at issue in this action occurred. Plaintiff is seeking money damages and declaratory relief arising from the alleged violation of his rights under the Eighth Amendment and the Americans with Disabilities Act ("ADA").

1.     Eighth Amendment Excessive Force Claim

Plaintiff alleges that on March 6, 2006, after he approached defendants Lindquist and McKesson regarding the confiscation of his glue sticks, defendant McKesson rushed him as he was walking away and grabbed him by the wrist and shoulder, throwing him to the floor. Plaintiff alleges that defendant Lindquist placed his knee on plaintiff's neck, causing him severe pain, and defendant McKesson handcuffed him. Plaintiff alleges that he was then picked up off the floor and shoved against the window. Plaintiff alleges that as a result of the incident, his hand hurt and his bone was sticking out. Surgery to repair plaintiff's hand was subsequently performed seven days later. Plaintiff alleges a claim for relief against defendant McKesson for use of excessive force.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

///

3

1     "[W]henever prison officials stand accused of using excessive physical force in violation of
2     the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied
3     in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
4     Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper
5     to evaluate the need for application of force, the relationship between that need and the amount of
6     force used, the threat reasonably perceived by the responsible officials, and any efforts made to
7     temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).
8     "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end
9     it." Id.

10    Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983
11    against defendant McKesson for use of excessive physical force in violation of the Eighth
12    Amendment. Fed. R. Civ. P. 8(a).

13          2.   ADA Claim

14    Plaintiff alleges that he is hearing impaired and unable to hear emergency warnings, even
15    with a hearing aid. Plaintiff alleges that on March 11, 2005, while at California State Prison-Los
16    Angeles County ("LAC"), it was determined that he needs a Hearing Impaired Identification vest and
17    should be transferred to a Disability Placement Program Facility. On January 27, 2006, plaintiff was
18    transferred to CSATF. Plaintiff was transferred back to LAC on February 2, 2006, for court
19    proceedings and then returned to CSATF on March 2, 2006. Plaintiff alleges that he was seen by
20    defendant Wofford upon his initial transfer to CSATF and upon his return to CSATF following court
21    proceedings. Plaintiff alleges that upon his initial transfer to CSATF, he told defendant Wofford he
22    needed an identification vest but she failed to issue him one. Upon his return to CSATF, plaintiff
23    told defendant Wofford he needed a battery for his hearing aid, but she failed to immediately provide
24    him with a battery or a vest.

25    Plaintiff alleges that no one placed a sign on his cell to alert staff of his special needs due to
26    his hearing impairment, and that there was no notation under his photograph in the office to alert
27    staff that he had a hearing impairment. Plaintiff alleges that defendants Clark, Sherman, Lais,
28    ///

McKesson, Lindquist, Peterson, and Wofford violated the ADA by failing to ensure that the prison's policies and procedures pertaining to disabled inmates were followed.

Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff has not alleged any facts which support a claim that he "was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities . . . by reason of [his] disability." Lovell, 303 F.3d at 1052. The allegations that plaintiff was not immediately provided with a battery for his hearing aid, was not provided with a safety vest, and was not identified as hearing impaired on his cell door or in the unit office do not give rise to a claim for violation of the ADA.

Further, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. §

12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and plaintiff may not pursue his ADA claim against the individual defendants named in the complaint.

D.   Conclusion

Plaintiff's complaint states a cognizable claim under section 1983 against defendant McKesson for use of excessive physical force, in violation of the Eighth Amendment, but does not state any cognizable ADA claims. Plaintiff was provided with the opportunity to either file an amended complaint or notify the court that he was willing to proceed only on his excessive force claim. Based on plaintiff's decision to proceed only on his excessive force claim, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's complaint, filed January 8, 2007, against defendant McKesson for use of excessive physical force, in violation of the Eighth Amendment;

2. Plaintiff's ADA claims be dismissed for failure to state a claim; and

3. Defendants Clark, Sherman, Lais, Lindquist, Peterson, and Wofford be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///
///
///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 11, 2007**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE