# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00032-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED IN PART AND GRANTED IN PART, AND PLAINTIFF BE GRANTED LEAVE TO AMEND STATE LAW BATTERY CLAIM<br><br>(Docs. 30, 34, 35)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

## I.　　Procedural History

Plaintiff Gerald Taylor ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law. This action is proceeding on Plaintiff's amended complaint, filed June 20, 2007, against Defendant McKesson for battery and use of excessive physical force in violation of the Eighth Amendment; against Defendant Wofford for failure to protect Plaintiff, in violation of the Eighth Amendment; and against Defendants Adams and Clark under a theory of supervisory liability. On August 5, 2008, Defendants McKesson, Wofford, Adams and Clark ("Defendants") filed a motion to dismiss for failure to state a claim and for failure to exhaust. Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on November 4, 2008, and Defendants filed a reply on December 15, 2008. Local Rule 78-230(m).

///

1

1  **II.        Reliance on Exhibits Attached to Original Complaint**

2          In support of their motion to dismiss, Defendants cite to the exhibits submitted in support of
3  Plaintiff's original complaint, which was superceded by the filing of the amended complaint upon
4  which this action proceeds. However, in their reply and without citation to any authority, Defendants
5  cry foul over Plaintiff's citation to the same exhibits in his opposition to their motion, and argue
6  Plaintiff's use of the exhibits is improper. Defendants assert they were not served with the exhibits
7  and cited to them in their moving papers by mistake because they believed the exhibits were filed
8  with the amended complaint.

9          Defendants may not both rely on the exhibits in their motion and complain Plaintiff is
10 improperly relying on them in responding to Defendants' motion. Plaintiff's amended complaint
11 superceded the original complaint and because the amended complaint did not include exhibits and
12 Plaintiff did not obtain permission from the Court to remove the exhibits from the original complaint
13 and attach them to the amended complaint, Local Rule 15-220, the exhibits are not part of Plaintiff's
14 amended complaint and will not be considered by the Court in resolving Defendants' motion to
15 dismiss, Manzarek v. St. Paul Fire & Marine Ins. Co., 519 1025, 1030-31 (9th Cir. 2008) (in
16 resolving motions to dismiss, courts are generally limited to considering allegations in the pleading,
17 exhibits attached to the pleading, and facts properly subject to judicial notice); contra Swartz v.
18 KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) ("However, in order to [p]revent [ ] plaintiffs from
19 surviving a Rule 12(b)(6) motion by deliberately omitting ... documents upon which their claims are
20 based, a court may consider a writing referenced in a complaint but not explicitly incorporated
21 therein if the complaint relies on the document and its authenticity is unquestioned." (internal
22 quotations and citations omitted)). Defendants are cautioned that in the future, if they mistakenly
23 rely on matters outside the pleadings and wish to retract their reliance in their moving papers, the
24 proper response is to withdraw their motion in whole or in part. Defendants' decision to criticize
25 Plaintiff's use of the exhibits when they did so first rather than to simply take ownership of their
26 initial error and request that their citation to the exhibits be disregarded falls below the level of
27 civility and fair play the Court expects from practitioners appearing before it.

28

III.    **Motion to Dismiss for Failure to State a Claim**

    A.    **Legal Standard for Motions Brought Pursuant to Rule 12(b)(6)**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court's role in reviewing the complaint for sufficiency is limited, Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

    B.    **Excessive Force Claim Against Defendant McKesson**

The Court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Because Plaintiff's claims have already been reviewed for sufficiency at the pleading stage, the Court is disinclined to view a subsequent motion to dismiss for failure to state a claim with favor.

Defendant McKesson moves for dismissal of the excessive force claim against him on the ground that Plaintiff cannot show Defendant caused him any injury and without an injury, Plaintiff's claim fails. In support of his motion, Defendant cites to Exhibit G to Plaintiff's original complaint,

which are medical records in which Defendant contends the treating physician concluded that Plaintiff's injury was the result of a chronic condition and not a recent trauma.

Plaintiff opposes the motion on the ground that he properly alleged Defendant McKesson's conduct caused him injury, and the reports, which are inconsistent with one another, do not serve as proof that he cannot show he was injured by Defendant.

Under section 1983, Plaintiff is required to show that Defendant McKesson (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick, 500 F.3d at 987. "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff alleges that following the use of force against him by Defendant McKesson, his hand was hurting badly and his bone was sticking out. (Amend. Comp., ¶43.) Plaintiff further alleges that Defendant McKesson was responsible for fracturing his hand. (Id., ¶54.) These allegations

///

4

sufficiently plead an injury, and the Court does not reach the issue of the medical reports because they are not properly before the Court.

### C. Supervisory Liability Claim Against Defendants Adams and Clark

Defendants Adams and Clark first argue that they cannot be held liable under California law for negligent hiring, training, and supervision because such a claim may only be asserted against an employer. Plaintiff does not allege a tort claim under California law against Defendants for negligent hiring, training, and supervision. (Amend. Comp., 8:8-10.) Plaintiff's claim against Defendants is clearly pled as one brought pursuant to section 1983 and the Court therefore rejects Defendants' attempt to expand this litigation to include a tort claim under California law.

With respect to Plaintiff's supervisory liability claim under section 1983, Defendants argue that they may only be held liable if they caused the harm to Plaintiff and vague, conclusory allegations will not suffice. Defendants also argue that section 1983 precludes the imposition of liability based on respondeat superior or any other form of vicarious liability.

Plaintiff argues that he has sufficiently alleged Defendants knew of Defendant McKesson's propensity to use excessive force but failed to prevent future harm.

"Although there is no pure *respondeat superior* liability under § 1983, a supervisor [may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). Plaintiff alleges that investigations into Defendant McKesson's acts of intimidation, retaliation, brutality, and racism reached Defendants Adams and Clark, but they failed to act, which allowed the incident in which Plaintiff was injured to occur. (Amend. Comp., ¶51.) At the pleading stage, that is sufficient to state a claim under section 1983 against Defendants Adams and Clark.

### D. State Law Claim

Defendants argue that Plaintiff failed to comply with the California Tort Claims Act by filing a timely claim and his battery claim against Defendant McKesson is therefore barred.

5

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2008). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

In his amended complaint, Plaintiff alleges he complied with section 912.4 through the filing of a late tort claim which has not been decided. (Amend. Comp., ¶4.) Section 911.4 permits application to file a late claim, Cal. Gov't Code § 911.4(a) (West 2008), and the failure of the Board of the act on the presented claim within the prescribed period results in the claim being deemed denied, Cal. Gov't Code § 911.6(c) (West 2008). However, to state a claim, Plaintiff must allege compliance or circumstances excusing compliance. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543. Plaintiff's allegation indicates he filed suit prematurely. Accordingly, Defendant is entitled to dismissal of the battery claim, with leave to amend.

The Court declines to address the merits of Plaintiff's request that he be relieved by the Court from the claim requirements, set forth in his opposition. Cal. Gov't Code § 946.6(a) (West 2008). If Plaintiff wishes to move for such relief, he must do so in a properly noticed motion.

**IV.    Motion to Dismiss for Failure to Exhaust**

Finally, Defendants argue that Plaintiff failed to exhaust his Eighth Amendment claim against Defendant Wofford, and his supervisory liability claim against Defendants Adams and Clark.

Prisoners are required to exhaust the available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the

prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. <u>Jones</u>, 127 S.Ct. at 921; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).

Defendants bear the burden of proving non-exhaustion. Plaintiff did not allege in his amended complaint that he failed to comply with section 1997e(a), and Defendants did not support their motion with any evidence. <u>Wyatt</u>, 315 F.3d at 1119-20 (in deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact). Because Defendants have not met their burden as the moving parties, their motion to dismiss for failure to exhaust must be denied.[1]

## V. Conclusion and Recommendations

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1.  Defendants' motion to dismiss, filed August 5, 2008, be DENIED IN PART and GRANTED IN PART as follows:

    a.  Defendant McKesson's motion to dismiss the excessive force claim against him for failure to sufficiently allege an injury be DENIED;

    b.  Defendants Adams and Clark's motion to dismiss the section 1983 supervisory liability claim against them for failure to state a claim be DENIED;

///

///

---

[1] Consideration of the inmate appeal attached to Plaintiff's original complaint would not command a different result. Plaintiff alleges that he exhausted by filing *complaints* against the involved defendants. (Amend. Comp., ¶13.) Although Plaintiff attached only one appeal to his original complaint, Defendants did not support their motion with evidence that the appeal in question was the only appeal filed by Plaintiff that was relevant to the claims in this action.

   c. Defendant McKesson's motion to dismiss the battery claim against him for failure to allege compliance with the California Tort Claims Act be GRANTED, with leave to amend; and

   d. Defendants Wofford, Adams, and Clark's motion to dismiss for failure to exhaust be DENIED; and

2. Plaintiff be granted thirty days within which to file a second amended complaint curing the deficiency in his state law battery claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: January 13, 2009**      /s/ Sandra M. Snyder
                  UNITED STATES MAGISTRATE JUDGE