UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD TAYLOR,<br><br>    Plaintiff,<br><br>vs.<br><br>KEN CLARK, et al.,<br><br>    Defendants.<br>_____/ | 1:07-cv-00032-AWI-SMS<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND TO STRIKE OBJECTIONS** (Doc. 45)<br><br>**ORDER OFFICIALLY STAYING ALL SCHEDULING CONFERENCE ORDER DATES** (Doc. 64) (including):<br><br>Settlement Conference Date: 3/18/10, 10:30am, Ctrm. 7/**SMS**<br><br>Pre-Trial Conference Date: 7/30/10, 8:30am, Ctrm. 2/**AWI**<br><br>Trial Date: 9/8/10, 8:30am, Ctrm. 2/**AWI** (JT ~ 3-4 days)<br><br>**ORDER DEEMING STIPULATION AND PROPOSED ORDER MOOT** (Doc. 75) |

On August 4, 2009, Plaintiff filed a motion to compel discovery responses and to strike objections (Doc. 45). The hearing was continued from August 28, 2009 to October 23, 2009 based on an erroneous notice filed on August 21, 2009 (Docs. 48, 49). The matter came on regularly on October 23, 2009 at 10:30 a.m. (Doc. 56). The Court met informally with Plaintiff's

counsel, Carter Capps White, certified law students, Kelli Smith and Rebecca Hayes, and Defendants' counsel, Michelle L. Angus, in chambers for approximately two (2) hours (Doc. 59). Resolutions were reached regarding some disputes, and the Court agreed to review *in camera* various personnel files and internal affairs reports, thereafter ruling as to the discoverability of each such document and/or categories of documents.

GOOD CAUSE APPEARING, the following is ORDERED produced:

**POD 9:** All documents relating to any policy on use of force in effect at SATF at the time of the incident.

**Ruling:** At issue is the March 2005 Use of Force Lesson Plan for new, non-custody employees. The Court reviewed the entire lesson plan. Though there appear to be sections and/or portions that may well not be relevant to the precise issues of this lawsuit, nonetheless the Court finds it to be tedious and a waste of time to redact those questionable portions. Therefore, the Court **ORDERS** the entire Plan discoverable subject to the/a protective order, directing Plaintiff's counsel that this production is for use in this case only; that no copies of this lesson plan are to be made for use in any other lawsuit; that any and all copies made for use in this litigation be destroyed or returned to Defendants' counsel at the conclusion of this case; AND, that Plaintiff himself is to receive no copies nor review this lesson plan at any time.

**POD 19:** All documents relating to any review or evaluation of the job performance of Defendants Clark, Adams, McKesson or Wofford during his/her employment with CDCR and SATF.

//

**Ruling:** The request was withdrawn by stipulation as to Defendants Clark and Adams. Copies of the personnel files for Defendants McKesson and Wofford were received for review. The Court reviewed said personnel files, isolated all those entries believed are responsive to this POD, tabbed them, and will return the entire files, directing counsel for Defendants to copy and produce those which are tabbed.

**POD 20:** All documents relating to any investigation of Defendants Clark, Adams, McKesson or Wofford for any act that occurred during his/her employment with CDCR and SATF, including but not limited to the results of each investigation and incident reports relating to each investigation.

**Ruling:** Again, the request was withdrawn by stipulation as to Defendants Clark and Adams. By October 28, 2009 memorandum from K. Barkhurst, Internal Affairs Office Technician, to J. Cordova, Litigation Coordinator, California Substance Abuse Treatment Facility and State Prison at Corcoran, "[T]he Internal Affairs Unit checked the investigative log and was unable to find cases regarding Wofford." Absent a showing by Defendants that this averment is unfounded, the Court accepts as true that there are no discoverable documents relative to Defendant Wofford.

With regard to Defendant McKesson, ten (10) cases were identified and documents produced regarding all ten (10) cases. As the Court opined during the February 8, 2010 conference call with all parties represented (Doc. 73), the Court began reading each and every "packet" and became increasingly frustrated with the inability to isolate or identify which incident was being addressed, i.e., which inmate was involved,

| | |
|---|---|
| 1 | etc.  Counsel for Defendants graciously acknowledged the often |
| 2 | times awkward manner in which reports/investigations/documents |
| 3 | are batched regarding "incident reports", therefore agreeing to |
| 4 | go back through all of them and organize them for the Court. |
| 5 | After much thought, as well as further attempts to make order out |
| 6 | of chaos, all ten (10) reports are to be produced to Plaintiff in |
| 7 | their entirety.  Further, it is hereby directed that these |
| 8 | reports are for the Attorneys', certified law students', and any |
| 9 | and all retained experts' eyes only; that these reports are not |
| 10 | to be copied for use in any other lawsuit; that any and all |
| 11 | copies made for this litigation are to be returned to Defendants' |
| 12 | counsel or summarily destroyed after this lawsuit is resolved; |
| 13 | AND, that Plaintiff himself is not to receive any copies for |
| 14 | purpose of his review or use at any time for any reason. |

**PODs 40-44:** All documents relating to Eastern District legal proceedings against Defendant McKesson involving Salvador Solis, 1:05-cv-345; Cesar Uribe, 1:05-cv-1285; Baljit Kaur and/or the Estate of Khem Singh, 1:05-cv-276; and, Daryl Lyons, 1:00-cv-5169.

**Ruling:** Any and all internal affairs investigations and/or any other complaints, letters, memoranda, directives, etc., regarding the above-named prisoners should be included in the ten (10) cases identified and ordered produced as set forth above regarding POD 20.

        Plaintiff's request for production of the entire legal files for these other unrelated plaintiffs, arguably in the care, control and custody of the Attorney General's Office, is **DENIED**.  The court files, to the extent they are still available

online or in hard copy, are accessible to Plaintiff by appropriate request. It is overly burdensome to require Defendants' counsel in this case to access the A.G.'s files, review each and every one of them, determine what is privileged and/or covered by work product protection, redact such contents, determine thereafter what is and is not relevant to the herein matter (i.e., withhold medical information or other privileged data regarding the particular plaintiffs in these various other actions), then copy and produce pertinent parts of any or all of those files.

**CONCLUSION:**

The Court will return the box of documents to Ms. Angus that she sent to the Court for *in camera* review via, and with the assistance of, the local A.G.'s office. Deputy Attorney General Michelle Angus is directed to produce the documents to Plaintiff's counsel within **thirty (30) days** from the date of service of this Order.

To reiterate: Plaintiff himself is not to receive any copies of any documents ordered produced herein either for review or possession *at any time.*

Finally, during the telephonic status conference on February 8, 2010 (Doc. 73 ~ see underlined text), the Court, in effect, stayed the present scheduling conference order of October 27, 2009 (Doc. 64), including the upcoming settlement conference date of March 18, 2010 at 10:30 a.m. before Judge Snyder; the pretrial conference date of July 30, 2010 at 8:30 a.m. before Judge Ishii; and, the jury trial date of September 8, 2010 at 8:30 a.m. before Judge Ishii. The parties are directed to meet and confer and

provide a written amended stipulated case schedule.  The Court suggests a trial date of November 2, 2010 at 8:30 a.m. before Judge Ishii, and a pre-trial conference date of September 24, 2010 at 8:30 a.m. before Judge Ishii.  The parties can work backwards from those dates to reach other deadline dates.  If November 2, 2010 is not an acceptable trial date, the parties are directed to telephone Judicial Assistant Frances Robles at (559) 499-5690 -OR- Courtroom Deputy Harriet Herman at (559) 499-5692 to arrange a telephonic conference with the Court.

IT IS SO ORDERED.

**Dated:     March 15, 2010**               /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE