1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| GERALD TAYLOR, | CASE NO. 1:07-cv-00032-AWI-SMS PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | ORDER DENYING DEFENDANT McKESSON'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT WOFFORD'S MOTION FOR SUMMARY JUDGMENT |
| KEN CLARK, et al., | |
| Defendants. | |
| _____/ | (Documents #115 & #154) |

9
10
11
12
13
14
15

16    Plaintiff Gerald Taylor is a state prisoner proceeding with a civil rights action pursuant to

17  42 U.S.C. § 1983 against prison officials.  The matter was referred to a United States Magistrate

18  Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19    On February 11, 2011, the Magistrate Judge filed a Findings and Recommendations

20  concerning Defendants Wofford and McKesson's motion for summary judgment.  The

21  Magistrate Judge recommended that the court grant Defendant Wofford summary judgment but

22  deny Defendant McKesson summary judgment.   The Findings and Recommendations were

23  served on the parties and contained notice to the parties that any objections to the Findings and

24  Recommendations were to be filed within fourteen days.  (Doc. 154.)  Plaintiff filed an objection

25  to the recommendation that the court grant Defendant Wofford summary judgment on February

26  25, 2011.   Defendant McKesson filed an objection to the recommendation that the court deny

27  Defendant McKesson summary judgment on February 25, 2011.   Plaintiff filed a response to

28  Defendant McKesson's objections on March 11, 2011.  (Docs. 162, 163, 168.)

1   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this court conducted a *de*

2   *novo* review of this case.   Having carefully reviewed the entire file, the court finds the Findings

3   and Recommendations to be supported by both the record and proper analysis.

4   Plaintiff's Eighth Amendment claim against Defendant McKesson concerns Defendant

5   McKesson's alleged use of excessive force.   When Plaintiff came to Defendant McKesson's

6   office after a contraband search, an exchange took place and Plaintiff told Defendant McKesson

7   he could "dust him off."   While Plaintiff maintains this comment related to Plaintiff filing an

8   administrative appeal about Defendant McKesson, both Defendant McKesson and another

9   officer, Officer Lindquist, provide evidence that they understood the comment to have been a

10  physical threat.   Defendant McKesson then ordered Plaintiff to cuff-up.   It is disputed whether

11  Plaintiff walked away, attempted to submit, or even whether he heard the order because of his

12  limited hearing.   Defendant McKesson then took Plaintiff to the ground, and Plaintiff's hand

13  was injured.   In the objections, Defendant McKesson contends that because both he and Officer

14  Lindquist perceived the "dust off" comment as a very real threat, there is no disputed issue of

15  fact, and Defendant McKesson is entitled to summary judgment.

16  For excessive force claims, the core judicial inquiry is whether the force was applied in a

17  good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm.

18  Wilkins v. Gaddy, – U.S. – , 130 S.Ct. 1175, 1178 (2010) (per curiam).   "In determining whether

19  the use of force was wanton and unnecessary, it may also be proper to evaluate the need for

20  application of force, the relationship between that need and the amount of force used, the threat

21  reasonably perceived by the responsible officials, and any efforts made to temper the severity of a

22  forceful response."   Hudson v. McMillian, 503 U.S. 1, 7 (1992).   Because Defendant

23  McKesson's and Officer's Lindquist's similar belief as to what Plaintiff's words meant is only

24  one part of the inquiry, summary judgment is not appropriate.   There are disputes regarding

25  exactly what force Defendant McKesson used at what times, the events leading up to the use of

26  force, and other factors that a jury must consider to determine if Defendant McKesson's use of

27  force was in a good-faith effort to maintain discipline.   Thus, the objections do not provide a

28  basis to not adopt the Findings and Recommendations.

1      Plaintiff objects to the Magistrate Judge's recommendation that the court grant Defendant

2  Wofford summary judgment.   The court finds Defendant Wofford is entitled to qualified

3  immunity even if the court considers all undisputed and disputed facts in the light most favorable

4  to Plaintiff.   "The doctrine of qualified immunity protects government officials from liability for

5  civil damages insofar as their conduct does not violate clearly established statutory or

6  constitutional rights of which a reasonable person would have known." Pearson v. Callahan, –

7  U.S.– , 129 S.Ct. 808, 815 (2009).   The inquiry is whether it would be clear to a reasonable

8  officer that his or her conduct was unlawful in the situation she confronted.  Saucier v. Katz, 533

9  U.S. 194, 202 (2001); Rodis v. City, County of San Francisco, 558 F.3d 964, 968-69 (9th Cir.

10  2009).   While a defendant can be on notice that her conduct violates established rights even in

11  novel factual circumstances, see  Hope v. Pelzer, 536 U.S. 730, 741 (2002), the contours of the

12  right must be sufficiently clear that a defendant would have understood that what she was doing

13  violates a specific right, see  Anderson v. Creighton, 483 U.S. 635, 640 (1987).   The evidence

14  before the court shows Defendant Wofford's job did not include providing hearing aid batteries

15  and/or hearing impaired vests when she interviewed inmates, such as Plaintiff, arriving at the

16  prison.  Prison policies allowed Plaintiff to obtain these items on the yard and from regular

17  medical personnel.  Given the fact prison policies did not require Defendant Wofford to provide

18  the items, the court finds Defendant Wofford is entitled to qualified immunity.  Cf. Brown v.

19  Mason, 288 Fed.Appx. 391, 392-93 (9th Cir. 2008) (prison officials entitled to qualified immunity

20  if they act pursuant to official prison policies if the policies are not "patently violative of

21  constitutional principles."); Grossman, 33 F.3d at 1209 (while following the existence of

22  regulations does not always render an officer's conduct per se reasonable, it is a factor which

23  militates in favor of the conclusion that a reasonable official would find that conduct

24  constitutional.)   Accordingly, the court finds that Defendant Wofford is entitled to summary

25  judgment.

26  //

27  //

28

After reviewing the records in this action, including the objections, the court ORDERS that:

1. The Findings and Recommendations, filed on February 11, 2011 (Doc. 154), is adopted in full;

2. The motion for summary judgment filed by Defendants Wofford and McKesson on December 6, 2010 (Doc. 115) is GRANTED in part and DENIED in part;

    a. Defendant Wofford's motion for summary judgment is GRANTED;

    b. Defendant McKesson's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:   March 15, 2011   

                                       CHIEF UNITED STATES DISTRICT JUDGE