# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD TAYLOR, | CASE NO. 1:07-cv-00032-AWI-SMS PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | ORDER DENYING MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS CLARK AND ADAMS |
| KEN CLARK, et al., | |
| Defendants. | |
| _____/ | (Documents #112, #113, & #158) |

Plaintiff Gerald Taylor is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 16, 2011, the Magistrate Judge filed a Findings and Recommendations that recommended Defendants Clark and Adams's motion for summary judgment be denied in part and granted in part.  The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within fourteen days.  (Doc. 158.)   On March 2, 2011, Defendants Clark and Adams filed objections. (Docs. 164, 165.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by both the record and proper analysis.

In the objections, Defendants Clark and Adams point out that the content of the Findings and Recommendations states summary judgment should be granted on any failure to train claim

against Defendants Clark and Adams but the conclusion implies that the court is proceeding with the failure to train claim.  The conclusion should reflect that Defendants Clark and Adams are entitled to summary judgment on Plaintiff's Eighth Amendment claim to the extent it is based on allegations of failing to train Defendant McKesson.

In the objections, Defendants Clark and Adams focus on Defendant Clark's alleged lack of knowledge of any incident involving Defendant McKesson and an inmate prior to the incident at issue in this action.   Defendants state that the adverse action that Defendant Clark knew about "did not involve excessive force against an inmate, but rather involved verbal insubordination." As shown from Plaintiff's Exhibit B and Exhibit I, the adverse action involving Lieutenant Pineda arose from him intervening in an excessive force incident, which included Defendant McKesson pinning an inmate against a wall.   Thus, in reviewing incidents involving other staff, Defendant Clark would have also learned about alleged excessive force against an inmate.   In addition, Defendant McKesson's harsh reactions to superior staff allegedly "disrespecting" Defendant McKesson gives insight into how Defendant McKesson would react if an inmate "disrespected" Defendant McKesson.  Finally, both Defendant Clark and Defendant Adams testified that when reviewing investigations into officers, a warden would have had the officer's entire personnel file, which would include prior uses of force on inmates.   See Plaintiff's Exhibit B & Exhibit H.   Thus, the court finds that the objections' contentions that Defendant Clark had no knowledge of any incident involving Defendant McKesson allegedly using force on an inmate is not supported by the record and does not entitle Defendant Clark to qualified immunity.

Accordingly, IT IS HEREBY ORDERED that:

1.      The Findings and Recommendations, filed on February 16, 2011 (Doc. 158), is adopted with the correction that the conclusion should reflect that Defendants Clark and Adams are entitled to summary judgment on Plaintiff's claims based on their failure to train Defendant McKesson; and

2.      The motion for summary judgment filed by Defendants Clark and Adams on December 6, 2010 (Docs. 112, 113) is both GRANTED and DENIED as follows;

a.      As to Plaintiff's claims against Defendants Clark and Adams for any failure to properly train Defendant McKesson, the motion is GRANTED; and

b.      As to Plaintiff's claims against Defendants Clark and Adams for failure to supervise and/or discipline Defendant McKesson, the motion is DENIED.

IT IS SO ORDERED.

Dated:    March 16, 2011    

_____
CHIEF UNITED STATES DISTRICT JUDGE